UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 0 9 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| NOLA P. GRUN,<br><br>　　　　Plaintiff,<br><br>VS.<br><br>COUNTYWIDE HOME LOANS, INC.<br>d/b/a America's Wholesale Lender, et al.,<br><br>　　　　Defendants | )<br>)<br>)<br>)<br>)  Civil Action No: SA-03-CA-141-EP<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING MOTION TO REMAND

The defendants removed the above numbered and styled cause to federal court. In response, the plaintiff asked to amend her complaint to add non-diverse defendants and to remand this case to state court. After considering these requests and the defendant Fannie Mae's response, the Court will permit the plaintiff to amend her complaint, but deny the plaintiff's request to remand the case.

Although the plaintiff maintains this Court has no jurisdiction over this case because the case does not involve a federal question, the defendants removed this case under a different basis other than federal question of diversity. Fannie Mae's charter gives it the authority "to sue and be sued, and to complain and defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a. The United States Supreme Court considered this "sue and be sued" language in the context of the American Red Cross's charter and determined the language confers original jurisdiction on federal courts over all cases to which the Red Cross is a party. *See Am. Nat'l Red Cross v. S.G. & A.E.*, 505 U.S. 247, 256 (1992). Under the Supreme Court's holding, a congressional charter to "sue and be sued" confers federal jurisdiction upon those organizations that have charters explicitly mentioning federal courts. *See Am. Nat'l Red Cross*, 505 U.S. at 256. The Fannie Mae clause clearly mentions federal courts. Consequently, this Court has jurisdiction over this controversy. As a result, the Court DENIES the plaintiff's motion to remand this case (docket entry #2). Because no party has objected



to the filing of the plaintiff's first amended complaint, the Court GRANTS the plaintiff's request to amend her complaint and directs the district clerk to file the first amended complaint as of the date of this order. With this matter resolved, the Court ORDERS the parties to confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and to propose scheduling deadlines by **May 15, 2003.** If the parties fail to propose scheduling deadlines by that date, the Court will enter a scheduling order without recommendations from the parties.

SIGNED this 9th day of April, 2003.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE